PER CURIAM.
This appeal is by the former husband from a judgment construing a property settlement agreement between the appellant and his wife, the appellee. The Court found:
“5. The term 'net income’, [in] the aforementioned Separation and Property *403 Settlement Agreement, referring to the husband’s total net income, is found to mean the Respondent’s ‘total gross income less the actual expenses in earning said income. * * * ’ ”
No error has been shown. The trial court’s construction of the term as used in the property settlement agreement is in accordance with the ordinary meaning of the term and is consistent with the intention of the parties as drawn from the entire instrument. Cf. Bergman v. Bergman, 145 Fla. 10, 199 So. 920, 921 (1940).
Appellant relies upon the decision in Berry v. Berry, 50 Wash.2d 158, 310 P.2d 223 (1957), which we have examined and found to be inapplicable because of the wording of the agreement in that case.
Affirmed.