Warren Gilmer **REED**, Sr.,
**Plaintiff-Appellee**,

v.

Joan Clinton Meighan **REED**,
**Defendant-Appellant**.

Court of Appeals of Tennessee,
Eastern Section.

Sept. 18, 1981.

Permission to Appeal Denied
by Supreme Court
Nov. 30, 1981.

Doris C. Allen and Charles D. Susano, Jr., Bernstein, Susano, Stair & Cohen, Knoxville, for defendant-appellant.

Calvin N. Taylor, Taylor & Groover, Knoxville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

The issue on appeal is the interpretation of a portion of an agreement between the parties incorporated in a divorce decree providing for increases in alimony payments upon increases in the husband's net income.

The pertinent provision is:

> In addition to the child support and periodic alimony payments heretofore set forth, Husband will pay Wife $1,000 annually for each $5,000 increase in Husband's net income over and above his 1978 net income. Once Husband's net income is calculated for any given year, the annual supplement provided for in this paragraph will be paid to Wife in equal monthly installments during the remainder of the year in which the computation is made. Payments will be made promptly on the first day of the month. So long as Husband is obligated to pay child support, twenty-five per cent (25%) of all payments made pursuant to this paragraph will be child support, and the remainder will be periodic alimony. When Husband's obligation to pay child support terminates, all payments directed by this paragraph, in their entirety, will be periodic alimony. Husband will direct his C.P.A. to furnish copies of any statements, tax returns, audits, or any other information to aid Wife or her attorney in determining the increase in Husband's net income. The parties agree that Husband's 1978 net income is $60,649.48. In future years, Husband's net income, for the purpose of this paragraph, will be determined as it was in 1978, except Husband will not be permitted to deduct depreciation on any assets purchased after calendar year 1978; and under no circumstances will payments made pursuant to HR 10 plans, pension trusts, or profit sharing agreements be considered in calculating Husband's net income in future years.

The specific issue before the court is whether under the terms of the agreement the husband may, in subsequent years, deduct the amount of alimony paid to his former wife in arriving at his "net income". The accountant for the husband was the only witness testifying at the hearing and, at the conclusion of the hearing, the trial judge stated:

> Gentlemen, all I can do in this case is to rely on the expert, and we have one undoubtedly here. When this expert says everything taken into consideration, that the alimony paid in nineteen and seventy-nine be deducted to arrive at the net income, then that's the judgment of the Court.

We find no ambiguities in the written provisions. The agreement provides the method for calculating the husband's net income. The provision is: "In future years, Husband's net income, for the purpose of this paragraph, will be determined as it was in 1978 . . . .", with certain exceptions then set forth.

This provision is elaborated upon by the accountant in his testimony as follows:

> Q. Let me ask you, sir, with respect to the Statement of Operations for either calendar 1978 or 1979, does that Statement of Operations include a place for alimony, sir?
>
> A. No, sir.
>
> Q. All right. Alimony as such is not a business deduction given standard accounting principles, is it, sir?
>
> A. No, sir.
>
> Q. Alimony is deductible for tax purposes only, isn't it, sir?
>
> A. Yes, sir.

Q. What do you deduct the alimony from?

A. Gross income to determine the adjusted gross income.

Q. All right. And then that later leads to a figure which is called the taxable income, does it not, sir?

A. Yes, sir.

Q. So in effect what you're doing is taking the gross that the man makes and pulling off the alimony to get to taxable income?

A. Yes, sir.

Q. All right. Would you agree with me, Mr. Hensley, that taxable income is a different concept from net income from a business?

A. Yes, sir.

We think it is obvious from the written agreement that the parties did not intend the result reached by the trial court. Under the result reached by the trial court the agreement would, in effect, read, net taxable income as determined by the Internal Revenue Service. The agreement states the 1978 net income and provides for calculation in future years in the same manner and no provision is made for the deduction of alimony in calculating net income.

Other jurisdictions which have considered the issue are in accord with our determination. The term "net income" has been defined as "total gross income less the actual expenses in earning said income." *Stayman v. Stayman*, 232 So.2d 402 (Fla.App. 1970). Where the term "net income" is not defined in an agreement it will not be given any special meaning but is given its ordinary meaning under general accounting practice. *See* cases Annot., 79 A.L.R.2d 604, *Separation Agreement—Alimony*, § 3. Accordingly, we reverse the trial court and remand for the entry of judgment based on this opinion.

Costs incident to the appeal are assessed against appellee.

SANDERS and GODDARD, JJ., concur.